**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| In re:<br><br>GUERREIRO INDÚSTRIA, COMÉRCIO, IMPORTAÇÃO E EXPORTAÇÃO LTDA.,<br><br>Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No.: _____ |

**DECLARATION OF THE FOREIGN REPRESENTATIVE IN SUPPORT OF CHAPTER 15 PETITION FOR RECOGNITION OF A FOREIGN MAIN PROCEEDING**

I, Osana Maria da Rocha Mendonça, being sworn, declare, under penalty of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. I am a licensed Brazilian attorney as well as representative of KPMG Corporate Finance Ltda. ("KPMG").

2. KPMG is the court-appointed judicial administrator and duly appointment representative (the "Judicial Administrator") of Guerreiro Indústria, Comércio, Importação e Exportação Ltda. ("Guerreiro" or the "Debtor"). A liquidation proceeding for Guerreiro is currently pending before the 1st Court of the Judicial District of Nova Odessa, State of São Paulo, Brazil (the "Brazilian Court"), pursuant to the Brazilian Reorganization Act. KPMG is the only authorized representative to administer the Brazilian Proceeding.

3. Pursuant to Article 22 of the Brazilian Insolvency Law, I am subject to supervision by the Brazilian Court and may be required to provide specific information or report on the progress of the proceedings and on the management of the liquidation. I also report to the Brazilian

Court and to the creditors of Guerreiro regarding the progress of the proceedings and significant legal acts.

    a.    My address is as follows:

Attn: Osana Maria da Rocha Mendonça  
KPMG Corporate Finance Ltda.  
Rua Verbo Divino, 1400 5° andar - Parte, Chácara Santo Antônio,  
CEP 04719-002, São Paulo/SP, Brazil

4.    For purposes of this proceeding, I respectfully request that any correspondence be sent, in addition to the address provided above to:

Attn: Gabriela Ruiz  
King & Ruiz LLP  
2 S. Biscayne Blvd, Suite 3200  
Miami, Florida 33131

5.    In compliance with section 1515 Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code") and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and after consultation with my U.S. counsel, King & Ruiz LLP ("King & Ruiz"), I respectfully submit this Declaration in support of the Chapter 15 petition (the "Chapter 15 Petition" or "Petition") filed at my direction contemporaneously herewith. The Chapter 15 Petition requests entry of an order, substantially in the form attached to the Chapter 15 Petition as **Exhibit 1** (the "Proposed Order"), recognizing the Brazilian Proceeding as a "foreign main proceeding" pursuant to section 1517 of the Bankruptcy Code and granting certain related relief pursuant to section 1521 of the Bankruptcy Code.

6.    I am over the age of 18 and, if called upon, could testify to all matters set forth in this Declaration. This Declaration sets forth background of the Debtor's former business operations and reported indebtedness, the circumstances leading to the commencement of the Brazilian Proceeding, the relevant material developments in the Brazilian Proceeding leading to

the commencement of this Chapter 15 case, and the factual bases for the relief requested in the Chapter 15 Petition. Except where otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge or learned from my review of relevant documents. Where matters are based on information supplied to me, those matters are true to the best of my information, knowledge, and belief. I am fluent in English and execute this Declaration without the aid of a translation or translator.

**Factual Background**

7.    On December 9, 2015, the Debtor applied for judicial reorganization, which was provisionally granted. A true and correct copy of the Application for Reorganization is attached as **Exhibit A**. However, on March 9, 2021, the 1st Court of the Judicial District of Nova Odessa, State of São Paulo, Brazil (the "Brazilian Court"), rejected and revoked the reorganization plan, declaring the Debtor bankrupt with retroactive effect to December 5, 2014, and ordering the liquidation of the Debtor. A true and correct copy of the Bankruptcy Judgment is attached as **Exhibit B**. The Debtor's liquidation proceeding remains pending before the Brazilian Court and is hereinafter referred to as the "Brazilian Proceeding."

8.    On December 18, 2015, the Brazilian Court appointed KPMG as the Judicial Administrator. A true and correct copy of the Appointment is attached as **Exhibit C**.

9.    I am advised that within the meaning of Chapter 15 of the U.S. Bankruptcy Code: (i) my firm is the "foreign representative" of the Debtor; (ii) the Debtor's center of their main interests has at all relevant times, been in the State of São Paulo, Brazil; and (iii) the Brazilian Proceeding is a collective "Foreign Main Proceeding."

10. Guerreiro was established on May 22, 1975, in Brazil, and initially developed its activities in the textile industry, manufacturing products such as bed, table, bath and clothing accessories.

11. The Judicial Administrator is unaware of any evidence that the Debtor conducted the administration of its affairs other than from Brazil or that it had any establishment or place of business outside of Brazil.

12. Since its incorporation, the Debtor was managed by the 'El Dib' family, specifically, Gergos El Dib (the patriarch of the El Dib family), Gergos's wife Almaza Habib El Dib, and their children Daniel Gergos El Dib, Nathalia Gergosel Dib and Alexandre Gergos El Dib. The El Dib family held direct control over the corporate structure until the beginning of 2015, at which point they transferred their shares to the companies São Jorge Investimentos Societários ("São Jorge") and Damasco Participações Societárias ("Damasco").

13. Despite having transferred their shares, the El Dib family maintained control over the Debtor by acting as non-partner administrators and by managing São Jorge and Damasco. São Jorge and Damasco were both incorporated in March 2014 and are believed to have been incorporated for the sole purpose of holding the Guerreiro shares.

14. In August and October 2015, members of the El Dib family attempted to distance themselves from publicly and directly controlling Guerreiro by transferring the corporate ownership of São Jorge and Damasco. Before this time, São Jorge's equity was held by Gergos and Almaza El Did. Thereafter, São Jorge was solely controlled by Gergos El Dib. Also before August 2015, Damasco's shareholders consisted of Daniel, Alexandre and Nathalia. Thereafter, all Damasco's shares were assigned to Gergos El Dib and Almaza El Dib.

15. In short, the Debtor's corporate structure underwent significant changes shortly before the filing of the judicial reorganization, as illustrated in the following organizational charts:

**2014**



**2015**



**RIGHT BEFORE FILING THE JUDICIAL REORGANIZATION**



16.     During this same period, about a year before the Debtor filing for reorganization, the El Dib family formed and incorporated several offshore companies. For example, RN Real Estate Internacional LLC was formed on November 4, 2014, in Florida[1]. This LLC was managed by Nathalia El Did and her husband José Roberto Rahal. From the time of the formation until 2016, the company's address was the same as the Debtor's headquarters:



---

[1] RN Real Estate Internacional LLC was dissolved on September 22, 2017.

| NOME EMPRESARIAL | |
|---|---|
| GUERREIRO INDÚSTRIA COMÉRCIO IMPORTAÇÃO E EXPORTAÇÃO LTDA | |
| LOGRADOURO | NÚMERO |
| Rua Maestro João Gomes de Araújo | 106 |

17. During relevant period, Daniel El Dib and his wife Roberta Fernandes El Dib formed another company in Florida, named GAJ Florida Real Estate LLC. This limited liability company's status remains active. In its most recent 2024 annual report, both Daniel and Roberta are listed as members and the limited liability's principal address is listed as 6735 Conroy Road, Suite 309 Orlando, Florida 32835. The registered agent for GAJ Florida Real Estate LLC is listed as "ICONNECT SOLUTIONS CORP" and lists the same address in Orlando. Daniel and Roberta El Dib are also managing partners of two active Florida based companies: Brothers Investments Group LLC (formed in 2019) and Ferdib Investments LLC (formed in 2017).

18. In February 28, 2022, Almaza El Did was listed as an authorized member of Multitask Tax and Bookkeeping LLC, an active company in Florida. In 2024, control in the limited liability company was later transferred to Nathalia El Dib and her husband José Roberto Rahal. They were listed as President and Vice President on the April 25, 2024, annual report. Both parties declared an address in Florida (1420 Celebration Blvd., Kissimmee, Florida).

19. During this same period, the Brazilian Court had not identified Guerreiro's assets in Brazil. The Court also expressed a reasonable suspicion that Guerreiro had seized its economic activity before the bankruptcy was formally declared. Moreover, the Debtor's controllers resisted my supervision. They have refused to provide me with certain documents and information relating to the Debtor.

20. In view of these irregularities, I filed a proceeding (incidental to the foreign main proceeding in Brazil) to pierce Guerreiro's corporate veil and reach the assets of certain El Did family members and related companies. The veil piercing proceeding is pending.

21. Based on these facts, I concluded that Guerreiro's controlling shareholders planned Guerreiro's filing for judicial reorganization and wrongfully siphoned the Debtor's assets over time.

### Filing of Chapter 15 Petition and Bases for Recognition of Brazilian Proceeding and Relief Requested

22. As the Judicial Administrator of the Debtor, I have the authority to investigate Guerreiro's affairs for the purpose of recovering assets for the benefit of creditors and pursuing any available causes of action.

23. King & Ruiz has advised me that the Bankruptcy Code defines (i) a "foreign proceeding" as a collective judicial or administrative proceeding relating to liquidation or adjustment of debt, pending in a foreign country, under the supervision of a foreign court and for the purpose of reorganizing or liquidating the assets and affairs of the debtor, and (ii) a "foreign court" as a judicial authority competent to control or supervise a foreign proceeding.

24. I seek Chapter 15 recognition to, among other things, to recover the assets of the Debtor, as well as to secure other documentary and testimonial evidence from witnesses in furtherance of its investigative and asset recovery efforts as part of the Brazilian Proceedings.

25. The Brazilian Proceeding fits squarely within my understanding of the Bankruptcy Code's definition of a "foreign proceeding."

26. *First*, the Brazilian Proceeding is a "proceeding" in that it is a liquidation proceeding initiated under the Brazilian Reorganization Law.

27. *Second*, the Brazilian Proceeding is "judicial" because it is: (a) a proceeding that the Brazilian Court issued by entering the Commencement Order; and (b) a proceeding that the Brazilian Court is required to oversee and supervise pursuant Section 47 of the Brazilian Reorganization Law.

28. *Third*, the Brazilian Proceeding is "collective in nature," as the claims of all creditors will be addressed and resolved in a fair and neutral manner. Article 3 of the Brazilian Reorganization Law provides:

*"Article 3. **The court of the principal place of business of the debtor** or branch of a company headquartered outside Brazil has jurisdiction to approve the extrajudicial reorganization plan, **grant the court-supervised reorganization or adjudicate the bankruptcy**." (emphasis added)*

29. *Fourth*, the Brazilian Proceeding is pending in Brazil.

30. *Fifth*, the Brazilian Proceeding is absolute as explained in Article 3 because it is governed by the Brazilian Reorganization Law, which specifies the proceedings for reorganization.

31. *Sixth*, the Brazilian Proceeding is "court-supervised organization" and "intended to enable the overcoming of the company's economic-financial crisis, allowing the maintenance of the production source, the jobs of employees and the creditors' interests, with preservation of the company, its social function and the inventive to the business activity" pursuant to Article 47 of the Brazilian Reorganization Law.

32. *Seventh*, the objective of the Brazilian Proceeding, as described above, is collective satisfaction of a debtor's creditors by reorganization of the debtor's assets.

33. King & Ruiz have also advised me that, to be entitled to recognition as a "foreign main proceeding" under Chapter 15 of the Bankruptcy Code, it must be shown that the foreign proceeding is pending in the jurisdiction where the debtor has its center of main interests ("COMI").

34. Guerreiro's COMI is in Brazil. At all the times since it was founded on May 22, 1975, Guerreiro has been incorporated and registered in Brazil.

35. The prospectuses for Guerreiro were created only for investors in the Brazilian market.

9

36. Guerreiro has no place of business in the United States. Upon information and belief, as of the date hereof, the Guerreiro has no employees or operations in the United States.

37. As the term is defined in 11 U.S.C. § 101(23), the Brazilian Proceeding is a "foreign proceeding" because it is a collective judicial proceeding under a law relating to liquidation or adjustment of debt in which proceeding the Debtor's assets and affairs are subject to the control or supervision of the Brazilian Court for the purpose of the Debtor's liquidation.

38. I am not aware of any litigation pending in the United States in which Guerreiro is a party. Other than the Brazilian Proceeding referenced herein, I am not aware of any other foreign proceedings, as defined in 11 U.S.C. § 101(23), with respect to the Debtor.

39. King & Ruiz has informed me that section 1515(b) of the Bankruptcy Code requires that a petition for recognition of a foreign proceeding be accompanied by a certified copy of the decision commencing such proceeding and appointing the foreign representative (and an English translation thereof). As noted above, by the Commencement Order, the Brazilian Court granted the petition commencing the Brazilian Proceeding for Guerriero under Brazilian Reorganization Law. A true and correct copy of the original Commencement Order (in Portuguese) as well as a certified English translation thereof are attached hereto as **Exhibit B**.

40. Although I reserve the right to do so, currently I am not seeking any provisional relief under section 1519 of the Bankruptcy Code.

41. After consultation with King & Ruiz, in addition to the relief that will arise automatically upon recognition of the Brazilian Proceeding as a foreign main proceeding, I have decided to request certain additional discretionary relief available under Chapter 15 of the Bankruptcy Code. For the following reasons, I believe such relief is warranted and appropriate under the circumstances.

42. By the Chapter 15 Petition, I have requested authorization from the Court to examine witnesses and take evidence and information concerning the Debtor's assets, affairs, rights, obligations or liabilities pursuant to section 1521(a)(4) of the Bankruptcy Code. In fulfilling my duties as judicial administrator in the Brazilian Proceeding, I am undertaking an investigation regarding the assets of the Debtor, as well as to secure other documentary and testimonial evidence from witnesses in furtherance of its investigative and asset recovery efforts as part of the Brazilian Proceedings. The investigation has expanded beyond the borders of Brazil, and pursuing discovery in the United States is an important aspect of the investigation.

43. The result of the actions described above for which recognition of the Brazilian Proceeding are sought will benefit the creditors because such recognition will permit creditors of the Debtor further recovery opportunities to collect on their claims.

44. By the Chapter 15 Petition, I also have requested that the Court entrust me with the administration, realization, and distribution of all the Debtor's assets within the territorial jurisdiction of the United States pursuant to sections 1521(a)(5) and 1521(b) of the Bankruptcy Code. In my capacity as judicial administrator of the Brazilian Proceeding, I am charged with liquidating the Debtor's assets and distributing the proceeds thereof in accordance with Brazilian Reorganization Law and under the supervision of the Brazilian Court. I consider fulfilling these duties with respect to assets identified and collected in the territorial United States to be germane to my appointment as judicial administrator and foreign representative of the Brazilian Proceeding. Among other benefits, such relief would avoid the administrative cost and delay attendant to requesting similar relief in a piece-meal fashion for every asset subject to the Brazilian Proceeding that I identify as being located within the United States. Of course, I will comply with any notice or reporting requirements that the Court may deem necessary or appropriate.

45. King & Ruiz has informed me that, before granting additional relief pursuant to section 1521 of the Bankruptcy Code, the Court must be satisfied that the interests of creditors and other interested entities, including the Debtor, are sufficiently protected. I believe the additional relief requested in the Chapter 15 Petition satisfies this requirement because, among other reasons, the Debtor's creditors are "sufficiently protected" by the treatment afforded to them in the Brazilian Proceeding under Brazilian Reorganization Law. U.S. claimants (if any) are not being subjected to undue inconvenience or prejudice because, among other reasons, Brazilian Reorganization Law does not create any additional burdens for foreign creditors to file a claim and confers upon them the same status and rights as creditors in Brazil. Moreover, the distribution scheme in liquidation prescribed under Brazilian Reorganization Law is substantially in accordance with the distribution scheme under the Bankruptcy Code, as Brazilian Reorganization Law, inter alia, (a) grants priority to certain administrative claims, (b) grants secured claims priority over unsecured claims and (c) treats unsecured claims on an equal, pari passu basis. Accordingly, creditors will receive distributions in the Brazilian Proceeding in a manner that is materially consistent with those they would have received under U.S. law.

46. I am informed by U.S. Counsel that discretionary relief under Chapter 15 of the Bankruptcy Code should be consistent with the statutory purposes of Chapter 15 and further international cooperation between U.S. and foreign courts. I believe granting the relief requested by the Chapter 15 Petition is consistent with these goals. By recognizing the Brazilian Proceeding as a "foreign main proceeding" and enjoining creditors from commencing or continuing actions against the Debtor or its assets in the United States, the Court would be fostering cooperation between courts in Brazil and the United States and ensuring that the fair and efficient administration of the Debtor's assets in the Brazilian Proceeding cannot be disrupted by creditors

or other parties in interest outside of Brazil. Moreover, by empowering me to employ the means of investigation and discovery available under United States law and procedure, this Court would be protecting and maximizing the value of U.S. assets belonging to or taken from the Debtor and promoting legal certainty by ensuring that I collect and administer those assets in accordance with Brazilian Reorganization Law.

47. U.S. Counsel informed me that the Court may deny any of the relief requested by the Chapter 15 Petition if it determines that granting such relief would be manifestly contrary to the public policy of the United States. U.S. Counsel also informed me that this analysis, in part, turns on whether creditors and other parties in interest are provided rights in the foreign proceeding that comport with notions of due process under United States law. To assist in this analysis, I wish to inform the Court that pursuant to Brazilian Reorganization Law, creditors and other parties in interest have the right to participate and be heard in the Brazilian Proceeding, consistent with concepts of due process under United States law and jurisprudence as I understand them. In sum, the relief I have requested by the Chapter 15 Petition would effectively extend this liquidation process into the United States, ensuring that assets belonging to or taken from the Debtor located within the territorial U.S. do not escape the reach of the Brazilian Proceeding and empowering me to employ the means of investigation and discovery that are afforded as of right to trustees in plenary U.S. bankruptcy cases. Based on my discussions with U.S. Counsel, I do not believe that such relief is contrary to United States law or public policy.

I declare under penalty and perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this __12__ day of May, 2025, in São Paulo, Brazil

By: _____
Osana Maria da Rocha Mendonça