# EXHIBIT B



## IEDA MARIA MONTEIRO
### Tradutora Pública e Intérprete Comercial
### - Inglês –

Matr. na Jucesp sob nº 1021
C.P.F. nº 077.542.738-10
R.G nº 11.604.191

CCM nº  2.968.720-9
INSS nº 11393830140

Nº da tradução/versão: 25.03.168.24          Livro nº CLXVIII          fls. 102

I, the undersigned, in my capacity as sworn translator in São Paulo, State of São Paulo, Brazil, have duly translated into English the following document written in Portuguese "*SENTENÇA DE CONVOLAÇÃO EM FALÊNCIA*", which bears my seal and signature.

[*Document presented in pages numbered from 6882 to 6891*]

[*Document bears the following information on the side: This document is a copy of the original, digitally signed by ELIANE CASSIA DA CRUZ, released in the case records on 3/9/2021 at 3:18 PM p.m. To verify the original document, access https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, insert the proceeding number 1001703-09.2015.8.26.0394 and the code Dztj4TUq.*]

[*Logo of the Court of Justice of São Paulo*]

**COURT OF JUSTICE OF THE STATE OF SÃO PAULO**
JUDICIAL DISTRICT OF NOVA ODESSA
JURISDICTION OF NOVA ODESSA
1ST JUDICIAL COURT
AVENIDA JOÃO PESSOA, Nº 1300, Nova Odessa - SP - CEP 13380-094
**Customer Service Hours: from 12:30 p.m. to 07:00 p.m.**

### COURT DECISION

Digital    Proceeding    **1001703-09.2015.8.26.0394**
No.:
Class - Subject:        **Court-Supervised Reorganization - Bankruptcy Proceeding**
Petitioner:             **Guerreiro Indústria, Comércio, Importação e Exportação Ltda.**
Defendant:              **LOCAL COURT**

Free Legal Aid

Honorable Judge: Dr. **ELIANE CASSIA DA CRUZ**

        Case records examined,

        The company **GUERREIRO INDÚSTRIA, COMÉRCIO, IMPORTAÇÃO E EXPORTAÇÃO LTDA.** filed for Reorganization on 12/10/2015.

Este documento foi assinado digitalmente por Ieda Maria Monteiro.
Para verificar as assinaturas vá ao site https://assinaturas.certisign.com.br e utilize o código F6CB-39E5-59C3-3007.



## IEDA MARIA MONTEIRO
### Tradutora Pública e Intérprete Comercial
### - Inglês –

Matr. na Jucesp sob nº 1021
C.P.F. nº 077.542.738-10
R.G nº 11.604.191

CCM nº  2.968.720-9
INSS nº 11393830140

Nº da tradução/versão: 25.03.168.24        Livro nº CLXVIII                    fls. 103

The Court-Supervised Reorganization was granted on 12/18/2015 (pages 406/408).

The General Meeting of Creditors (GMC), on 1st Call, was held on July 31, 2017, but was not established due to lack of quorum, and was held, therefore, on second call, on October 10, 2017.

The Reorganization Plan (PRJ), after several adjournments of the GMC, was approved by a majority of the creditors on November 22, 2018.

The PRJ was confirmed on December 19, 2018, and the Court-Supervised Reorganization was granted to the Debtor (pages 4851/4854).

On April 23, 2020, the Debtor presented a request for temporary suspension of payments under the PRJ for a period of 120 days, as well as for the cuts of provision of essential services due to the crisis caused by the COVID-19 Pandemic not to be made (pages 6006/6069).

Urged to manifest, the Bankruptcy Trustee informed that it requested additional documents on April 28, 2020. Upon submission of the documents by the Debtor, the Bankruptcy Trustee, on 5/20/2020, presented an analysis of the Debtor's factual situation, in which it considered as relevant the request to suspend the payments to creditors under the PRJ for maintenance of the Debtor's activities (pages 6092/6096).

The Prosecution Office granted the payment suspension provided for in the PRJ (page 6103).

On June 4, 2020, a decision was issued: (a) authorizing the sale of idle machinery, but with prior verification by a Process Server and indication in the case records of the best form of sale; (b) regarding the real property where the Debtor's Manufacturing Unit operated, considering such property as essential and authorizing its lease with prior judicial authorization and upon deposit of the rent amounts to an account bound to the Court-Supervised Reorganization; (c) regarding the injunction claimed on pages 6006/6069, the claim related to prohibition of cutting essential services (water, electricity, etc.) was denied. With respect to the suspension of payments to the creditors under the PRJ, the non-extendable suspension by June 30, 2020 was granted, a sufficient period for the Debtor to arrange a new GMC to vote an amendment to the PRJ (pages 6104/6110)

Against the decision on pages 6104/6110, the Debtor filed the Interlocutory Appeal No. 2187374-33.2020.8.26.0000, which was decided without granting a relief, and the merit was rendered moot against the authorization of this Court for submission of a PRJ within 30 days, without prejudice to the continuity of payments to the creditors under the PRJ in force (pages 6492/6493).

Este documento foi assinado digitalmente por Ieda Maria Monteiro.
Para verificar as assinaturas vá ao site https://assinaturas.certisign.com.br e utilize o código F6CB-39E5-59C3-3007.



## IEDA MARIA MONTEIRO
### Tradutora Pública e Intérprete Comercial
### - Inglês –

Matr. na Jucesp sob nº 1021
C.P.F. nº 077.542.738-10
R.G nº 11.604.191

CCM nº   2.968.720-9
INSS nº 11393830140

Nº da tradução/versão: 25.03.168.24       Livro nº CLXVIII                    fls. 104

The Debtor filed a petition on July 15, 2020, in which it undertook to submit the Amendment to the PRJ by the first half of August 2020 (pages 6205/6209).

The creditors Banco Votorantim S.A. and Banco Santander Brasil S.A requested a service of notice upon the Debtor for purposes of proof of performance of the PRJ (pages 6326/6327 and 6328).

Against the authorization to lease the real property where the Debtor operated (registration 23 of the Real Property Registry of this Judicial District) the Interlocutory Appeal No. 2184021-82.2020.8.26.0000 was filed, which obtained a suspensive effect and was granted to remove the essentiality of the property.

The Writ of Determination of the idle machinery was not performed, and a decision was rendered on 8/7/2020 for the Debtor to provide, within 48 hours, the copy of the CRLV of the vehicle the essentiality of which is requested to be declared, to indicate the place where the idle machinery can be found, and to manifest regarding the performance of the PRJ under the creditors' petition on pages 6326/6327 and 6328 (pages 6351/6352).

Certificate dated 8/13/2020 attesting that the Debtor's term established in the decision on pages 6351/6352 elapsed with no action being taken.

On August 13, 2020, some Creditors represented by the same attorney, Mr. Paulo Egídio Seabra Succar, presented petitions requesting a GMC to be called to resolve on the Amendment to the PRJ.

The Bankruptcy Trustee presented a manifestation and documents on August 13, 2020, in which it informed that the Debtor performed the PRJ in part, and considered that, according to the content of the report procedural incident with No. 0002049-40.2016.8.26.0394, the Bankruptcy Trustee presented on pages 452/456 the Report on Performance of the PRJ, which shows that the Debtor had made the partial payment of labor creditors. It presented a summary of the payment schedule (item 9 of page 6397). It informed that the delivery of proofs of payment to the creditors by the Debtor, in the aggregate amount of BRL 9,888,760.41 in July 2020, is pending (pages 6395/6449).

In this petition, the Bankruptcy Trustee informed: that the Debtor has been failing to present the documents for preparation of the activity report since November 2019, as demonstrated by the collection petitions entered on the report incident No. 0002049-40.2016.8.26.0394, the updated list of fixed assets has not been presented, it states that the only list it has is that one attached to the petition dated 2/1/2016, and presents an analysis of the Debtor's corporate progress.

The Debtor presented a petition and documents on 8/13/2020. Regarding the vehicle, it presented the document on page 6453, which shows that it is disposed of in favor of Bradesco; it informs

Este documento foi assinado digitalmente por Ieda Maria Monteiro.
Para verificar as assinaturas vá ao site https://assinaturas.certisign.com.br e utilize o código F6CB-39E5-59C3-3007.



## IEDA MARIA MONTEIRO
Tradutora Pública e Intérprete Comercial
- Inglês –

Matr. na Jucesp sob nº 1021                                                                        CCM nº   2.968.720-9
C.P.F. nº 077.542.738-10                                                                           INSS nº 11393830140
R.G nº 11.604.191

Nº da tradução/versão: 25.03.168.24          Livro nº CLXVIII                    fls. 105

that the idle machinery is located at Rua dos Cactos, 581, Cidade Jardim II, Americana/SP; regarding the performance of the PRJ, it just affirmed that "it has been seeking an extension of performance of the obligations under the approved reorganization plan", that there are creditors requesting a GMC to be called to vote an amendment to the PRJ, and there are Interlocutory Appeals with No. 2148527-59.2020.8.26.0000 and 2187374-33.2020.8.26.0000, which at that time were pending trial.

Banco Bradesco and others request the proof of payment of the amounts to which they were entitled, under the PRJ (pages 6458/6459).

On 9/4/2020, a decision was rendered ordering, among other things, the issuance of a new Writ of Determination for the idle machinery, a search on RENAJUD regarding the vehicle the essentiality of which the Debtor intends to declare, granting of 30 days for submission of an amendment to the PRJ without suspension of the obligations under the PRJ in force, and manifestation of the Debtor regarding the default of the PRJ.

On October 13, 2020, the Debtor submitted the amendment to the PRJ (pages 6536/6542).

On November 9, 2020, a Certificate of the Process Server was entered, which states that the diligence for verification of the idle machinery was not performed "*because it was not possible to schedule a date and time with the bankruptcy trustee and attorney of the debtor for carrying out the verification; we have made a prior scheduling for October 6, at 9:00 a.m., but a few days before, the debtor's attorney informed that it would not be possible for a company's representative to attend to monitor the verification, and the room where the property is kept is closed; the term for performance has expired, and the writ is returned to the clerk's office for the applicable actions*" (page 6591).

Banco do Brasil S.A. presented an objection to the Amendment to PRJ (pages 6595/6599).

In view of the Amendment to the PRJ and the Objection presented, the Bankruptcy Trustee suggested to hold the GMC on 1/15/2021 and 1/29/2021, which ended up not being held on those dates, and provided clarifications regarding the diligence to verify the idle machinery, which remained at the Process Server's disposal for performance of the verification (pages 6602/6617).

Banco do Brasil requested regularization of the payments under the PRJ under penalty of conversion from Court-Supervised Reorganization to Bankruptcy (pages 6622/6623).

As it was not possible to hold the GMC in January 2021, the Debtor suggests to hold such meeting on 7/5/2021 and 7/12/2021 (pages 6665/6667). The bankruptcy trustee stated to be available on the dates suggested by the Debtor and waits for the decision of this Court to present a draft Notice for convening the creditors (pages 6679/6680)

Este documento foi assinado digitalmente por Ieda Maria Monteiro.
Para verificar as assinaturas vá ao site https://assinaturas.certisign.com.br e utilize o código F6CB-39E5-59C3-3007.



## IEDA MARIA MONTEIRO
### Tradutora Pública e Intérprete Comercial
### - Inglês –

Matr. na Jucesp sob nº 1021                                          CCM nº   2.968.720-9
C.P.F. nº 077.542.738-10                                            INSS nº 11393830140
R.G nº 11.604.191

Nº da tradução/versão: 25.03.168.24          Livro nº CLXVIII                    fls. 106

This is, in short, all that is required.

**DECISION.**

This the case of conversion from *court-supervised reorganization* to bankruptcy.

Effectively, the Petitioner has no more conditions to remain operational. It was already known that during the Court-Supervised Reorganization, it substantially modified its production upon termination of the activity of processing of threads and fabrics, focusing its efforts on the import, trade, and distribution of fabrics, with a layoff of its employees. Currently, there are doubts on whether it still keeps some kind of business activity.

At the addresses informed in the records, its fixed assets could not be located.

The *reorganization* has been frustrated and, as a consequence, there is no impediment to convert it to bankruptcy.

Pursuant to Law 11,101/05, the *court-supervised reorganization* is intended to enable the overcoming of the company's economic-financial crisis, allowing the maintenance of the production source, the jobs of the employees and the creditors' interests, with preservation of the company, its social function and the incentive to the business activity (article 47).

The substantial termination of the Debtor's activities, combined with the failure to pay the creditors, has completely frustrated the purposes of the reorganization proceeding granted to it.

It intends to endlessly postpone paying its debts, having suggested a new date for the GMC in mid July 2021! The fact is that it has no intention to perform its obligations, only to unreasonably postpone their performance.

We repeat, there are doubts even on whether the company is exercising any activity and whether it still keeps an active establishment.

Therefore, it is not interested at all in overcoming the economic-financial crisis that took it to file for reorganization. The production source has been lost.

There are no employees at its head office, there are no jobs to be preserved.

Also, there is no longer a company to be preserved, and its social function has been lost. There is reason, therefore, to proceed with the reorganization proceeding.

Este documento foi assinado digitalmente por Ieda Maria Monteiro.
Para verificar as assinaturas vá ao site https://assinaturas.certisign.com.br e utilize o código F6CB-39E5-59C3-3007.



### IEDA MARIA MONTEIRO
### Tradutora Pública e Intérprete Comercial
### - Inglês –

Matr. na Jucesp sob nº 1021                                                    CCM nº    2.968.720-9
C.P.F. nº 077.542.738-10                                                       INSS nº 11393830140
R.G nº 11.604.191

Nº da tradução/versão: 25.03.168.24        Livro nº CLXVIII                    fls. 107

Additionally, the records show the resistance of the company's management to the inspection performed by the Bankruptcy Trustee by making payments off the reorganization plan, failing to provide the documents requested for analysis of the business activities, attempting to prevent without reasonable cause, the meetings proposed by the Bankruptcy Trustee in the countless attempts to impose its rhythm and agenda to the proceeding, completely ignoring the purpose of the reorganization proceeding.

Finally, the Debtor has not complied with the terms of the PRJ. Effectively, on pages 452/456 the Report on Performance of the PRJ, the Bankruptcy Trustee informed that the Debtor had made the partial payment to labor creditors. It presented a summary of the payment schedule (item 9 of page 6397).

The payment to creditors in the total amount of BRL 9,888,760.41 in July 2020 is still pending (pages 6395/6449).

Although this Court has authorized the preparation of an Amendment to the Plan to enable the performance by the Debtor, there was a reservation that the obligations already assumed would not be suspended. The Debtor, in turn, is formally ignoring the court determinations and has not made any additional payments.

The default of the Reorganization Plan is a legal cause for the declaring of bankruptcy as provided for in article 94, III, "f" of Law 11,101/05. Thus, this is an event of conversion from *court supervised reorganization* to bankruptcy.

Given the foregoing, I **CONVERT** the Court-Supervised Reorganization and **DECLARE THE BANKRUPTCY OF GUERREIRO INDÚSTRIA, COMÉRCIO, IMPORTAÇÃO E EXPORTAÇÃO LTDA**, enrolled with CNPJ/MF under No. 46.529.590/0001-45, whose members are the companies São Jorge Investimentos Societários S.S. Ltda. and Damasco Participações Societárias S.S. Ltda. (pages 137/145) and whose Manager is Mr. Gergos El Dib, enrolled with CPF/MF under No. 522.191.868-49 (page 379).

I determine the **legal term of bankruptcy** in ninety (90) days prior to the court supervised reorganization petition (filed on 12/9/2015), or the oldest petition, whichever is earlier.

Thus, I **ORDER** the following:

**1)** The appointment of KPMG CORPORATE FINANCE, CNPJ 29.414.117/0001.01, established at rua Arquiteto Olavo Redig de Campos nº 105, 10º andar, Cep 04711-904, São Paulo/SP, phone numbers 3940-8273, 3940-7501, 3940-7552 or 3940-3229, and e-mail

Este documento foi assinado digitalmente por Ieda Maria Monteiro.
Para verificar as assinaturas vá ao site https://assinaturas.certisign.com.br e utilize o código F6CB-39E5-59C3-3007.



**IEDA MARIA MONTEIRO**
Tradutora Pública e Intérprete Comercial
- Inglês –

Matr. na Jucesp sob nº 1021                                                                CCM nº   2.968.720-9
C.P.F. nº 077.542.738-10                                                                 INSS nº 11393830140
R.G nº 11.604.191

Nº da tradução/versão: 25.03.168.24          Livro nº CLXVIII                          fls. 108

omendonca@kpmg.com.br, represented by Osana Mendonça, OAB/SP 122.930, as Bankruptcy Trustee is kept, who shall:

      1.1.    Make a confirmation within 48 hours and carry out in person, with its team, the collection of assets, documents and books, as well as the appraisal of the assets, whether separately or in groups, in the place where they are, without a writ required. The competent authorities are authorized to accompany the diligence for purposes of using force in case of resistance, and a digitally signed copy of this decision shall serve as an official document in that regard;

      1.2.    Practice all acts necessary to realize the assets, pursuant to Law 14.112/2020, and must comply with article 114-A:

> *"Article 114-A. If no assets are found to be collected, of the assets collected are not sufficient to cover the procedural expenses, the bankruptcy trustee shall immediately report this fact to the court who, once the Prosecution Office representative is heard, shall establish, through notice, a ten (10) day period for the interested parties to manifest themselves.*

> *§ 1 One or more creditors may request the bankruptcy to proceed, provided that they pay the necessary amounts as expenses and fees of the bankruptcy trustee, which shall be considered as essential expenses under item I-A of the head provision of article 84 of this Law.*

> *§ 2 After expiry of the term provided in the head provision without manifestations from the interested parties, the bankruptcy trustee shall carry out the sale of the collected assets within thirty (30) days for personal property, and sixty (60) days for real property, and shall present its report, according to the terms and for the purposes of this article.*

> *§ Once the decision has been issued, the bankruptcy proceeding shall be completed by the court in the records."*

      1.3.    Notify the bankrupt's representative to provide statements and submit a list of creditors, under penalty of contempt, and then shall publish the notice for filing proofs of claim/objections to claims under article 99, sole paragraph, of Law 11,101/05.

      1.4.    Keep an online address with updated information and with the option to check the main papers of the proceeding, unless there is a court order to the contrary;

Este documento foi assinado digitalmente por Ieda Maria Monteiro.
Para verificar as assinaturas vá ao site https://assinaturas.certisign.com.br e utilize o código F6CB-39E5-59C3-3007.

Este documento foi assinado digitalmente por Ieda Maria Monteiro.
Para verificar as assinaturas vá ao site https://assinaturas.certisign.com.br e utilize o código F6CB-39E5-59C3-3007.



## IEDA MARIA MONTEIRO
### Tradutora Pública e Intérprete Comercial
### - Inglês –

Matr. na Jucesp sob nº 1021                                    CCM nº   2.968.720-9
C.P.F. nº 077.542.738-10                                       INSS nº 11393830140
R.G nº 11.604.191

Nº da tradução/versão: 25.03.168.24        Livro nº CLXVIII                    fls. 109

    1.6. Provide, within fifteen (15) days, the answers to the official letters and requests sent by other courts and public authorities, without prior court resolution being required;

    **2)**    Suspension of actions and enforcements against the bankrupt, with the legal reservations.

    **3)**    Prohibition of disposition or encumbrance of the bankrupt's assets, with issuance of the usual communications.

    **4)**    The publication of an electronic notice with the full text of this decision and the list of creditors presented by the bankrupt (article 99, XIII, § 1 - Law 11,101/2005), including the period of 15 days for filing of the proofs of claim bearing the following warnings: a) within 15 days, the proofs of claim or objections to claim must be presented directly to the Bankruptcy Trustee, at its aforementioned address, or through the electronic address to be informed in the commitment to be made, and that the proofs of claim presented in the digital records will be disregarded; b) at the presentation of proofs of claim and objections to claim, the creditors shall indicate full bank account details (name of account holder, CPF/CNPJ number of the account holder, branch number and account number) so that, as provided for in article 1,113, §§ 3, 4, and 5 of NSCGJ/TJSP (PROVISIONS No. 50/1989 and 30/2013), they may receive any amounts through the prior issuance of an official letter to the bank; c) any claims that have been correctly indicated by the bankrupt are released from filing of proof of claim.

    **5)**    Electronic service of notice, under the current legislation, and subject to the functional prerogatives, respectively, to the Prosecution Office, to the Federal Tax Authority and to the Tax Authorities of all States, Federal District, and Municipalities where the debtor has an establishment, so that they acknowledge the bankruptcy pursuant to article 99, XIII, of Law 11,101/2005.

    If there are branches in other states, the Bankruptcy Trustee shall provide the service of notice.

    **6)**    **OFFICIAL LETTERS MUST BE SENT:**

    **a)** through the Sisbajud system, to order the freezing of financial assets in the bankrupt's name; b) to the Central Bank, for freezing of accounts and financial assets in the bankrupt's name; c) to the Federal Revenue Office, through the Infojud system, to provide copies of the last 3 tax returns of assets of the bankrupt; d) to Detran (traffic department), through the Renajud system, ordering the freezing (transfer and driving) of vehicles existing in the bankrupt's name; e) to the National Center of Frozen Assets, for search and freezing of assets in the bankrupt's name.

    **7)**    The Bankruptcy Trustee may take all steps to preserve the interests of the estate and the efficient administration of its assets, collecting information directly from the creditors, the

Este documento foi assinado digitalmente por Ieda Maria Monteiro.
Para verificar as assinaturas vá ao site https://assinaturas.certisign.com.br e utilize o código F6CB-39E5-59C3-3007.



## IEDA MARIA MONTEIRO
### Tradutora Pública e Intérprete Comercial
### - Inglês –

Matr. na Jucesp sob nº 1021                                                    CCM nº   2.968.720-9
C.P.F. nº 077.542.738-10                                                        INSS nº 11393830140
R.G nº 11.604.191

Nº da tradução/versão: 25.03.168.24        Livro nº CLXVIII                        fls. 110

bankrupt, public authorities, private legal entities, without any prior court authorization being required, and this decision shall serve as an official document in this regard.

**8)** The Bankruptcy Trustee shall notify all Tax Authorities listed below regarding this bankruptcy, informing them the name of the bankrupt, proceeding number and date of adjudication of bankruptcy, as well as its own (Bankruptcy Trustee) data and e-mail address, so that the Tax Authorities forward, under article 7-A of Law 11,101/2005 and within 30 days, directly to the Bankruptcy Trustee, the full list of their registered overdue tax liabilities, accompanied by calculations, classification and information on the current status. The Bankruptcy Trustee, in possession of such documents, shall open a public claim classification incident for each Tax Authority.

- NATIONAL TREASURY ATTORNEY'S OFFICE - FEDERAL GOVERNMENT - Alameda Santos, 647 - 01419-001 - São Paulo/SP;

- TREASURY ATTORNEY'S OFFICE OF THE STATE OF SÃO PAULO - Av. Rangel Pestana, 300, 15º andar - Sé - 01017-000 - São Paulo - SP - e-mail pgefalencias@sp.gov.br

- TREASURY DEPARTMENT OF THE MUNICIPALITY OF NOVA ODESSA - TREASURY ATTORNEY'S OFFICE OF THE MUNICIPALITY OF NOVA ODESSA – Av. João Pessoa, 777, Paço Municipal, Nova Odessa, SP.

**9)** A digitally signed copy of this decision shall also be delivered as an **OFFICIAL DOCUMENT** to the agencies listed below:

• CENTRAL BANK OF BRAZIL - BACEN - Av. Paulista, 1804, CEP 01310-200, São Paulo/SP: To proceed with and inform to the relevant financial institutions the freezing of the checking or other accounts of financial investments held by the bankrupt, as well as to issue an official letter informing the compliance with this order directly to the Bankruptcy Trustee appointed in the bankruptcy proceeding.

• BOARD OF TRADE OF THE STATE OF SÃO PAULO: Rua Barra Funda, 930 - 3º andar Barra Funda - CEP: 01152-000 - São Paulo/SP: To forward the list of books of the bankrupt presented for registration with this agency, and complete reports on amendments to its articles of association. Also, the expression "bankrupt," as well as the disqualification to business activities, shall be included in the records of this agency, under article 99, VII, of Law 11,101/2005.

Este documento foi assinado digitalmente por Ieda Maria Monteiro.
Para verificar as assinaturas vá ao site https://assinaturas.certisign.com.br e utilize o código F6CB-39E5-59C3-3007.



## IEDA MARIA MONTEIRO
### Tradutora Pública e Intérprete Comercial
### - Inglês –

Matr. na Jucesp sob nº 1021                              CCM nº   2.968.720-9
C.P.F. nº 077.542.738-10                                 INSS nº 11393830140
R.G nº 11.604.191

Nº da tradução/versão: 25.03.168.24          Livro nº CLXVIII                    fls. 111

      •     EMPRESA BRASILEIRA DE CORREIOS E TELÉGRAFOS: Rua Mergenthaler, 500, Vila Leopoldina Gerência GECAR, CEP: 05311-030 São Paulo/SP: To forward all mail in the bankrupt's name to the address of the appointed bankruptcy trustee;

      •     CENTRO DE INFORMAÇÕES FISCAIS -DI Directorate of Information - Av. Rangel Pestana, 300, CEP: 01017-000 São Paulo/SP: To forward the DECA regarding the bankrupt to the address of the appointed bankruptcy trustee;

      •     DEPARTMENT OF ENFORCEMENTS OF THE TAX AUTHORITY - Office of State Tax Enforcements - Rua Vergueiro, 857, CEP: 01013-001 São Paulo/SP: inform the existence of actions, assets and rights in the name of the bankrupt;

      •     STOCK EXCHANGE OF THE STATE OF SÃO PAULO - Rua XV de Novembro nº 275, 7º andar, CEP: 01013-001 São Paulo/SP: To inform the existence on its files of assets and rights in the name of the bankrupt;

      •     DEPARTMENT OF SECURITIES INCOME - Rua Pedro Américo, 32, CEP: 01045-000 São Paulo/SP: To inform the existence of assets and rights in the name of the bankrupt; REGISTRY OFFICE FILING TITLES FOR PROTEST - Rua XV de Novembro, 175 Centro - CEP: 01013-001 São Paulo/SP: Remit the certificates of protest drawn up in the bankrupt's name, to the address of the appointed bankruptcy trustee, regardless of payment of any costs;

      **10)**     I appoint, to proceed together with the Bankruptcy Trustee with the collection of assets, the auctioneer **HASTA VIP Leilões Judiciais** (CONTATO@HASTAVIP.COM.BR or RAFAEL@HASTAVIP.COM.BR), duly qualified at the Portal of Justice Assistants, who shall be in charge of the keeping and security of the assets collected in benefit of the Bankruptcy Estate.

      **11)**     The representatives of Guerreiro must terminate the registration of the employees on their Employment Cards (CTPS), issue the TRCT and documents for access to INSS and FGTS benefits within 20 days as of the publication of this decision. The termination date on the CTPS and issuance of the TRCT must be the bankruptcy adjudication date.

      **12)**     The representatives of Guerreiro must provide the PPP (WELFARE OCCUPATIONAL PROFILE) to the employees, as well as deliver to the Bankruptcy Trustee the documents supporting the issuance of this document.

      **32)**     The representatives of Guerreiro must immediately arrange for the termination of the active lease agreements after removal of the collected assets in benefit of the Bankruptcy Estate.

      The Clerk's office shall take the necessary actions under the Bankruptcy Law.



## IEDA MARIA MONTEIRO
### Tradutora Pública e Intérprete Comercial
### - Inglês –

Matr. na Jucesp sob nº 1021
C.P.F. nº 077.542.738-10
R.G nº 11.604.191

CCM nº   2.968.720-9
INSS nº 11393830140

Nº da tradução/versão: 25.03.168.24          Livro nº CLXVIII                    fls. 112

Let it be published, notified and complied with.

Nova Odessa, March 9, 2021.

**DOCUMENT DIGITALLY SIGNED IN ACCORDANCE WITH LAW 11,419/2006, AS
PRINTED ON THE RIGHT SIDE OF THE PAGE**

**1001703-09.2015.8.26.0394 - page 10**

Further naught, I certify that the preceding is true, faithful and unabridged rendering into English of the original in Portuguese version. In witness whereof, I set my hand and seal in São Paulo, SP, Federative Republic of Brazil, this March 27, 2025.

São Paulo, March 27, 2025.

Este documento foi assinado digitalmente por Ieda Maria Monteiro.
Para verificar as assinaturas vá ao site https://assinaturas.certisign.com.br e utilize o código F6CB-39E5-59C3-3007.

**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA DE NOVA ODESSA
FORO DE NOVA ODESSA
1ª VARA JUDICIAL
AVENIDA JOÃO PESSOA, Nº 1300, Nova Odessa - SP - CEP 13380-094
**Horário de Atendimento ao Público: das 12h30min às19h00min**

| SENTENÇA |
|---|

Processo Digital nº:    **1001703-09.2015.8.26.0394**
Classe - Assunto    **Recuperação Judicial - Concurso de Credores**
Requerente:    **Guerreiro Indústria, Comércio, Importação e Exportação Ltda.**
Requerido:    **JUIZO DE DIREITO LOCAL**

Justiça Gratuita

Juiz(a) de Direito: Dr(a). **ELIANE CASSIA DA CRUZ**

Vistos,

A sociedade empresária **GUERREIRO INDÚSTRIA, COMÉRCIO, IMPORTAÇÃO E EXPORTAÇÃO LTDA.,** formulou pedido de Recuperação em 10/12/2015.

O processamento da Recuperação Judicial foi deferido em 18/12/2015 (fls. 406/408).

A Assembleia Geral de Credores (AGC) em 1ª Convocação foi realizada em 31 de julho de 2017, a qual não foi instalada por ausência de quórum, sendo instalada, portanto, em segunda convocação no dia 10 de outubro de 2017.

O Plano de Recuperação Judicial (PRJ), após diversas suspensões da AGC, foi aprovado pela maioria dos credores em em 22 de novembro de 2018.

O PRJ foi homologado em 19 de dezembro de 2018, sendo concedida a Recuperação Judicial à Recuperanda (fls. 4851/4854).

Em 23 de abril de 2020, a Recuperanda apresentou manifestação na qual requereu a suspensão momentânea dos pagamentos nos termos do PRJ pelo prazo de 120 dias, bem como que não fossem efetuados cortes da prestação de serviços essenciais por conta da crise ocasionada pela Pandemia do COVID-19 (fls. 6006/6069).

Instada a se manifestar, a Administradora Judicial informou que solicitou documentos complementares em 28 de abril de 2020. Apresentado os documentos pela Recuperanda, a Administradora Judicial, em 20.05.2020, apresentou análise da situação fática da Recuperanda, na qual ponderou ser relevante o pedido de suspensão dos pagamentos dos credores nos termos do PRJ para manutenção das atividades da Recuperanda (fls. 6092/6096).

O Ministério Público opinou pelo deferimento da suspensão dos pagamentos previstos no PRJ (fl. 6103).

Este documento foi assinado digitalmente por Ieda Maria Monteiro.
Para verificar as assinaturas vá ao site https://assinaturas.certisign.com.br e utilize o código F6CB-39E5-59C3-3007.

**1001703-09.2015.8.26.0394 - lauda 1**

Este documento é cópia do original, assinado digitalmente por ELIANE CASSIA DA CRUZ, liberado nos autos em 09/03/2021 às 15:18 .
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1001703-09.2015.8.26.0394 e código Dzlt4TUq.

**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA DE NOVA ODESSA
FORO DE NOVA ODESSA
1ª VARA JUDICIAL
AVENIDA JOÃO PESSOA, Nº 1300, Nova Odessa - SP - CEP 13380-094
**Horário de Atendimento ao Público: das 12h30min às19h00min**

Em 04 de junho de 2020 foi proferida decisão na qual: (a) foi autorizada a a venda de maquinário ocioso, porém com prévia constatação por Oficial de Justiça e indicação nos autos da melhor forma de venda; (b) acerca do imóvel onde funcionava o Parque Fabril da Recuperanda o mesmo foi considerado essencial, sendo autorizado a sua locação com prévia autorização judicial e mediante depósito do valor dos alugueis em conta judicial vinculada à Recuperação Judicial; (c) acerca do pedido liminar de fls. 6006/6069 foi indeferido o pedido atinente ao pedido de proibição de corte de serviços essenciais (água, luz, etc). No que tange a suspensão dos pagamentos dos credores nos termos do PRJ foi concedida a suspensão improrrogável até 30 de junho de 2020, lapso suficiente para a Recuperanda organizar uma nova AGC para votação de aditivo ao PRJ (fls. 6104/6110)

Da decisão de fls. 6104/6110, a Recuperanda interpôs o Agravo de Instrumento nº 2187374-33.2020.8.26.0000, o qual foi processado sem deferimento de tutela recursal e o mérito restou prejudicado, ante a autorização desse Juízo para apresentação de PRJ no prazo de 30 dias sem prejuízo da continuidade do pagamentos dos credores nos termos do PRJ vigente (fls.6492/6493).

A Recuperanda apresentou petição em 15 de julho de 2020 na qual se comprometeu em juntar o Aditivo ao PRJ até a primeira quinzena do mês de agosto/2020 (fls. 6205/6209).

Os credores Banco Votorantim S.A. e Banco Santander Brasil S.A solicitaram a intimação da Recuperanda para fins de comprovação do cumprimento do PRJ (fls. 6326/6327 e 6328).

Da autorização de locação do imóvel onde funcionava à Recuperanda (matrícula 23 do CRI desta Comarca), foi interposto o Agravo de Instrumento nº 2184021-82.2020.8.26.0000, o qual obteve efeito suspensivo e no mérito foi provido para afastar a essencialidade do bem.

O Mandado de Constatação do maquinário ocioso não foi cumprido, sendo que foi proferida decisão em 07.08.2020 para que a Recuperanda, em 48 horas, providenciasse a cópia do CRLV do veículo que requer seja declarada a essencialidade, indicar o local onde podem ser encontrados os maquinários ociosos e para se manifestar acerca do cumprimento do PRJ nos termos da petição dos credores de fls. 6326/6327 e 6328 (fls. 6351/6352).

Certidão datada de 13.08.2020 certificando que transcorreu "in albis" o prazo da Recuperanda fixado na decisão de fls. 6351/6352.

Em 13 de agosto de 2020, alguns Credores representados pelo mesmo advogado, Dr. Paulo Egídio Seabra Succar, apresentaram petições solicitando a convocação de AGC para deliberar acerca de Aditivo ao PRJ.

A Administradora Judicial apresentou manifestação e documentos em 13 de

Este documento é cópia do original, assinado digitalmente por ELIANE CASSIA DA CRUZ, liberado nos autos em 09/03/2021 às 15:18. Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1001703-09.2015.8.26.0394 e código Dzjt4TUq.

**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA DE NOVA ODESSA
FORO DE NOVA ODESSA
1ª VARA JUDICIAL
AVENIDA JOÃO PESSOA, Nº 1300, Nova Odessa - SP - CEP 13380-094
**Horário de Atendimento ao Público: das 12h30min às19h00min**

agosto de 2020 na qual informou que a Recuperanda cumpriu parcialmente o PRJ, ponderou que, conforme exposto no incidente processual de relatórios nº 0002049-40.2016.8.26.0394, a Administradora Judicial apresentou às fls. 452/456, o Relatório de Cumprimento do PRJ, no qual demonstra que a Recuperanda efetuou o pagamento parcial dos credores trabalhistas. Apresentou resumo do cronograma de pagamentos (item 9 da fl. 6397). Informou que resta pendente de envio da Recuperanda de comprovantes de pagamentos aos credores que ao total soma a quantia de R$ R$ 9.888.760,41 em julho/2020 (fls. 6395/6449).

Nesta petição a Administradora Judicial informou: que a Recuperanda não apresenta os documentos para elaboração dos relatórios de atividades desde novembro/2019, conforme demonstra as petições de cobrança juntadas no incidente de relatório nº 0002049-40.2016.8.26.0394, não foi apresentada a Lista atualizada do imobilizado, pontua que a única lista que possuí é a anexa a petição datada de 01.02.2016 e apresenta análise da evolução societária da Recuperanda.

A Recuperanda apresentou petição e documentos em 13.08.2020. Referente ao veículo juntou o documento de fl. 6453 que demonstra que o bem está alienado em favor do Bradesco, informa que o maquinário ocioso está localizado na Rua dos Cactos, 581, Cidade Jardim II, Americana/SP, referente ao cumprimento do PRJ limitou a afirmar que *"tem buscado a prorrogação do cumprimento das obrigações atinentes ao plano de recuperação judicial aprovado"*, que há credores solicitando a convocação de AGC para votar um aditivo ao PRJ e que há os Agravos de Instrumento nº 2148527-59.2020.8.26.0000 e 2187374-33.2020.8.26.0000, que à época estavam pendentes de julgamento.

O Banco Bradesco e outro requerem a comprovação do pagamento dos valores que fazem *jus*, nos termos do PRJ (fls. 6458/6459).

Em 04.09.2020 foi proferida decisão, que entre outras providências, determinou a expedição de novo Mandado de Constatação para o maquinário ocioso, pesquisa RENAJUD referente ao veículo que a Recuperanda pretende ser declarada a essencialidade, concessão de 30 dias para apresentação de aditivo ao PRJ, sem suspensão das obrigações do PRJ vigente, manifestação da Recuperanda acerca do descumprimento do PRJ.

Em 13 de outubro de 2020 a Recuperanda apresentou o aditivo ao PRJ (fls. 6536/6542).

Em 09 de novembro de 2020 foi juntada Certidão do Oficial de Justiça na qual consta que a diligência para constatação do maquinário ocioso não foi realizada *"por não ter sido possível agendar dia e hora com a administradora judicial e o advogado da recuperanda para a realização do ato; fizemos um pré-agendamento para o dia 06 de Outubro próximo passado, às 09:00 horas, mas dias antes o advogado da recuperanda informou que não seria possível o comparecimento de alguém da empresa para acompanhar o ato e o salão onde os bens se*

Este documento foi assinado digitalmente por Ieda Maria Monteiro.
Para verificar as assinaturas vá ao site https://assinaturas.certisign.com.br e utilize o código F6CB-39E5-59C3-3007.

Este documento é cópia do original, assinado digitalmente por ELIANE CASSIA DA CRUZ, liberado nos autos em 09/03/2021 às 15:18.
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1001703-09.2015.8.26.0394 e código Dzfj4TUq.

**1001703-09.2015.8.26.0394 - lauda 3**

fls. 6885

**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA DE NOVA ODESSA
FORO DE NOVA ODESSA
1ª VARA JUDICIAL
AVENIDA JOÃO PESSOA, Nº 1300, Nova Odessa - SP - CEP 13380-094
**Horário de Atendimento ao Público: das 12h30min às19h00min**

encontram depositados está fechado; estando com o prazo para cumprimento esgotado, devolvo o mandado em cartório para as providências cabíveis (fl. 6591).

O Banco do Brasil S.A. apresentou objeção ao Aditivo do PRJ (fls. 6595/6599).

Ante o Aditivo ao PRJ e a Objeção apresentada, a Administradora Judicial sugeriu a realização da AGC nos dias 15.01.2021 e 29.01.2021, que acabou não ocorrendo nas datas supra e prestou esclarecimentos a respeito da diligência de constatação do maquinário ocioso, notadamente, que manteve-se à disposição do Oficial de Justiça para realizar a diligência (fls. 6602/6617).

O Banco do Brasil solicitou a regularização dos pagamentos nos termos do PRJ sob pena de convolação da Recuperação Judicial em Falência (fls. 6622/6623).

Por não ter sido possível a realização da AGC no mês de janeiro/2021, a Recuperanda sugere a realização da solenidades nos dias 05.07.2021 e 12.07.2021 (fls. 6665/6667). A Administradora Judicial informou ter disponibilidade para as datas sugeridas pela Recuperanda e aguarda a decisão desse Juízo para apresentar minuta de Edital para convocação dos credores (fls. 6679/6680)

É a síntese do necessário.

**DECIDO.**

É o caso de convolação da *recuperação judicial* em falência.

Com efeito, a empresa autora não tem mais condições de se manter. Já era conhecido que, no curso da Recuperação Judicial, alterou *substancialmente a sua produção, encerrando a at*ividade produtiva de beneficiamento de fios e tecidos, focando esforços em atividades de importação, comercialização e distribuição de tecidos, demitindo em massa seus empregados. Atualmente, há dúvidas se ainda mantém algum tipo de atividade econômica.

Nos endereços informados nos autos, não houve a localização de seus ativos imobilizados.

A *recuperação judicial* foi frustrada e em razão disso, nada mais impede a convolação em falência.

Nos termos da Lei 11.101/05, a *recuperação judicial* tem por finalidade viabilizar a superação da crise econômico-financeira da empresa, permitindo a manutenção da fonte produtora, do emprego dos trabalhadores e dos interesses dos credores, preservando a empresa, sua função social e o estímulo à atividade econômica (art. 47).

O encerramento substancial das atividades da Recuperanda, aliado à falta de pagamento dos credores, frustrou por completo os objetivos da recuperação judicial que lhe foi

Este documento foi assinado digitalmente por Ieda Maria Monteiro.
Para verificar as assinaturas vá ao site https://assinaturas.certisign.com.br e utilize o código F6CB-39E5-59C3-3007.

**1001703-09.2015.8.26.0394 - lauda 4**

Este documento é cópia do original, assinado digitalmente por ELIANE CASSIA DA CRUZ, liberado nos autos em 09/03/2021 às 15:18.
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1001703-09.2015.8.26.0394 e código Dztj4TUq.

**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA DE NOVA ODESSA
FORO DE NOVA ODESSA
1ª VARA JUDICIAL
AVENIDA JOÃO PESSOA, Nº 1300, Nova Odessa - SP - CEP 13380-094
**Horário de Atendimento ao Público: das 12h30min às19h00min**

deferida.

Pretende adiar *ad eternum* o pagamento das dívidas, tendo sugerido nova data para ACG em meados de julho de 2021! O fato é que não há intenção de cumprir suas obrigações, apenas postergar, de forma injustificada, o cumprimento das suas obrigações.

Repita-se que há até mesmo dúvidas se a empresa está exercendo alguma atividade e se ainda mantém estabelecimento ativo.

Portanto, não tem qualquer interesse em superar a crise econômico-financeira que a levou a requerer a recuperação. Perdeu-se a fonte produtora.

Não há funcionários em sua sede, não havendo emprego a ser preservado.

Também não há mais empresa a ser preservada e foi perdida sua função social. Já não há razão, portanto, para prosseguir com a recuperação.

Além disso, dos autos exsurge a atitude refratária dos administradores da empresa à fiscalização exercida pelo Administrador Judicial, ao efetuar pagamentos por fora do plano de recuperação, deixar de fornecer os documentos solicitados para análise das atividades empresariais, tentar obstar, sem justificativa plausível, as assembleias propostas pelo Administrador Judicial, nas inúmeras tentativas de impor a sua marcha e a sua pauta no processo, ignorando, por completo, a finalidade do processo recuperacional.

Por fim, a Recuperanda não cumpriu os termos do PRJ. Com efeito, às fls. 452/456, no Relatório de Cumprimento do PRJ, a Administradora Judicial informou que a Recuperanda efetuou o pagamento parcial dos credores trabalhistas. Apresentou resumo do cronograma de pagamentos (item 9 da fl. 6397).

Está pendente, ainda, o pagamento de credores que totalizam a quantia de R$ 9.888.760,41 em julho/2020 (fls. 6395/6449).

Em que pese esse Juízo tenha autorizado a elaboração de um Aditivo ao Plano para viabilizar o seu cumprimento pela Recuperanda, houve a ressalva que não houve a suspensão das obrigações já assumidas anteriormente. A Recuperanda, por seu turno, ignora solenemente as determinações judiciais e não efetuou nenhum pagamento a mais.

O descumprimento do Plano de Recuperação Judicial é uma causa legal de decretação da falência prevista no art. 94, III, "f", da Lei 11.101/05. Trata-se, portanto, de hipótese de convolação desta *recuperação judicial* em falência.

Ante o exposto, **CONVOLO** a Recuperação Judicial e **DECRETO A FALÊNCIA DE GUERREIRO INDÚSTRIA, COMÉRCIO, IMPORTAÇÃO E EXPORTAÇÃO LTDA**, inscrita no CNPJ/MF sob o nº 46.529.590/0001-45, tendo por sócias as empresas São Jorge Investimentos Societários S.S. Ltda. e Damasco Participações Societárias S.S.

Este documento é cópia do original, assinado digitalmente por ELIANE CASSIA DA CRUZ, liberado nos autos em 09/03/2021 às 15:18. Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1001703-09.2015.8.26.0394 e código Dzfj4TUq.

Este documento foi assinado digitalmente por Ieda Maria Monteiro.
Para verificar as assinaturas vá ao site https://assinaturas.certisign.com.br e utilize o código F6CB-39E5-59C3-3007.

**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA DE NOVA ODESSA
FORO DE NOVA ODESSA
1ª VARA JUDICIAL
AVENIDA JOÃO PESSOA, Nº 1300, Nova Odessa - SP - CEP 13380-094
**Horário de Atendimento ao Público: das 12h30min às19h00min**

Ltda. (fls. 137/145) e Administrador o Sr. Gergos El Dib, inscrito no CPF/MF sob o nº 522.191.868-49 (fls. 379).

Fixo **termo legal da falência** em 90 (noventa) dias anteriores ao pedido da recuperação judicial (distribuído em 09/12/2015) ou do protesto mais antigo, prevalecendo a data mais antiga.

**DETERMINO**, pois, o seguinte:

**1)** Mantenho a nomeação, como Administrador(a) Judicial de KPMG CORPORATE FINANCE, CNPJ 29.414.117/0001.01, estabelecida à rua Arquiteto Olavo Redig de Campos nº 105, 10º andar, Cep 04711-904, São Paulo/SP, telefones 3940-8273, 3940-7501, 3940-7552 ou 3940-3229, e e-mail omendonca@kpmg.com.br, representada por Osana Mendonça, OAB/SP 122.930, que deverá:

1.1. Prestar compromisso em 48 horas e promover pessoalmente, com sua equipe, a arrecadação de bens, documentos e livros, bem como a avaliação dos bens, separadamente ou em bloco, no local em que se encontrem, sem necessidade de mandado, bem como autorizado o acompanhamento da diligência pelos órgãos competentes para o uso de força em caso de resistência, servindo cópia dessa sentença, assinada digitalmente, como ofício;

1.2. Realizar todos os atos necessários à realização do ativo, na forma da Lei 14.112/2020, devendo observar o disposto no artigo 114-A:

> "Art. 114-A. Se não forem encontrados bens para serem arrecadados, ou se os arrecadados forem insuficientes para as despesas do processo, o administrador judicial informará imediatamente esse fato ao juiz, que, ouvido o representante do Ministério Público, fixará, por meio de edital, o prazo de 10 (dez) dias para os interessados se manifestarem.
>
> § 1º Um ou mais credores poderão requerer o prosseguimento da falência, desde que paguem a quantia necessária às despesas e aos honorários do administrador judicial que serão considerados despesas essenciais nos termos estabelecidos no inciso I-A do caput do art. 84 desta Lei.
>
> § 2º Decorrido o prazo previsto no caput sem manifestação dos interessados, o administrador judicial promoverá a venda dos bens arrecadados no prazo máximo de 30 (trinta) dias, para bens móveis, e de 60 (sessenta) dias, para bens imóveis, e apresentará o seu relatório, nos termos e para os efeitos dispostos neste artigo.
>
> § 3º Proferida a decisão, a falência será encerrada pelo juiz nos autos".

Este documento é cópia do original, assinado digitalmente por ELIANE CASSIA DA CRUZ, liberado nos autos em 09/03/2021 às 15:18 . Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1001703-09.2015.8.26.0394 e código Dzfj4TUq.

Este documento foi assinado digitalmente por Ieda Maria Monteiro. Para verificar as assinaturas vá ao site https://assinaturas.certisign.com.br e utilize o código F6CB-39E5-59C3-3007.

Este documento foi assinado digitalmente por Ieda Maria Monteiro.
Para verificar as assinaturas vá ao site https://assinaturas.certisign.com.br e utilize o código F6CB-39E5-59C3-3007.

**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA DE NOVA ODESSA
FORO DE NOVA ODESSA
1ª VARA JUDICIAL
AVENIDA JOÃO PESSOA, Nº 1300, Nova Odessa - SP - CEP 13380-094
**Horário de Atendimento ao Público: das 12h30min às19h00min**

1.3.    Notificação do representante da falida para prestar declarações e apresentar relação de credores, sob pena de desobediência, publicando-se, em seguida, o edital para habilitações/impugnações, nos termos do art. 99, parágrafo único, da Lei 11.101/05.

1.4.    Manter endereço eletrônico na internet, com informações atualizadas e com a opção de consulta às peças principais do processo, salvo decisão judicial em sentido contrário;

1.6.    Providenciar, no prazo máximo de 15 (quinze) dias, as respostas aos ofícios e às solicitações enviadas por outros juízos e órgãos públicos, sem necessidade de prévia deliberação do juízo;

**2)**    Suspensão de ações e execuções contra a falida, com as ressalvas legais.

**3)**    Proibição de atos de disposição ou oneração de bens da falida, com expedição das comunicações de praxe.

**4)**    A publicação de edital eletrônico com a íntegra desta sentença e a relação de credores apresentada pelo falido (art. 99, XIII, § 1º - Lei 11.101/2005), constando o prazo de 15 dias para apresentação das habilitações de crédito, em que constem as seguintes advertências: a) no prazo de 15 dias as habilitações ou divergências deverão ser apresentadas diretamente ao(à) Administrador(a) Judicial, no seu endereço acima mencionado, ou por meio do endereço eletrônico a ser informado no compromisso a ser prestado, e de que as habilitações apresentadas nos autos digitais não serão consideradas; b) na ocasião da apresentação das habilitações e divergências, os credores deverão indicar dados completos de conta bancária (nome do titular da conta, número do CPF/CNPJ do titular da conta, número da agência e da conta bancária) para que, conforme previsão do artigo 1.113, §§ 3º, 4º e 5º das NSCGJ/TJSP (PROVIMENTOS nº 50/1989 e 30/2013), possam receber eventuais valores através da prévia expedição de ofício ao banco; c) ficam dispensados de habilitação os créditos que constarem corretamente do rol eventualmente apresentada pelo falido.

**5)**    Intimação eletrônica, nos termos da legislação vigente e respeitadas as prerrogativas funcionais, respectivamente, do Ministério Público e das Fazendas Públicas Federal e de todos os Estados, Distrito Federal e Municípios em que o devedor tiver estabelecimento, para que tomem conhecimento da falência, nos termos do artigo 99, XIII, da Lei 11.101/2005.

Havendo filiais em outros estados, a AJ deverá providenciar a intimação.

**6) OFICIE-SE:**

**a)**    através do sistema Sisbajud, para determinação do bloqueio de ativos

Este documento é cópia do original, assinado digitalmente por ELIANE CASSIA DA CRUZ, liberado nos autos em 09/03/2021 às 15:18 . Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1001703-09.2015.8.26.0394 e código Dzjt4TUq.

Este documento foi assinado digitalmente por Ieda Maria Monteiro.
Para verificar as assinaturas vá ao site https://assinaturas.certisign.com.br e utilize o código F6CB-39E5-59C3-3007.

**1001703-09.2015.8.26.0394 - lauda 7**

fls. 6889

**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA DE NOVA ODESSA
FORO DE NOVA ODESSA
1ª VARA JUDICIAL
AVENIDA JOÃO PESSOA, Nº 1300, Nova Odessa - SP - CEP 13380-094
**Horário de Atendimento ao Público: das 12h30min às19h00min**

financeiros em nome da falida; b) ao Banco Central, para bloqueio das contas e ativos financeiros em nome da falida; c) à Receita Federal, pelo sistema Infojud, para que forneça cópias das 3 últimas declarações de bens da falida; d) ao Detran, através do sistema Renajud, determinando-se o bloqueio (transferência e circulação) de veículos existentes em nome da falida; e) à Central Nacional de Indisponibilidade de Bens, para pesquisa e bloqueio de imóveis em nome da falida.

**7)** Poderá o(a) Administrador(a) Judicial adotar todas as providências para a preservação dos interesses da massa e eficiente administração de seus bens, colhendo informações diretamente junto a credores, falido, órgãos públicos, pessoas jurídicas de direito privado, sem necessidade de prévia autorização judicial, servindo esta sentença de ofício.

**8)** Providencie o(a) Administrador(a) Judicial a comunicação a todas as Fazendas, abaixo relacionadas, a respeito da existência desta falência, informando-lhe nome da falida, número do processo e data da quebra, bem como seus dados (AJ) e endereço de email, para que as Fazendas Públicas encaminhem, nos termos do art. 7º- A, da Lei 11.101/2005, e no prazo de 30 dias, diretamente ao Administrador Judicial, a relação completa de seus créditos inscritos em dívida ativa, acompanhada de cálculos, classificação e informação sobre a situação atual. O Administrador Judicial, de posse de tais documentos, instaurará incidente de classificação de crédito público para cada Fazenda Pública.

**- PROCURADORIA DA FAZENDA NACIONAL - UNIÃO FEDERAL**
- Alameda Santos, 647 - 01419-001 - São Paulo/SP;

- PROCURADORIA DA FAZENDA DO ESTADO DE SÃO PAULO - Av. Rangel Pestana, 300, 15º andar - Sé - 01017-000 - São Paulo − SP - email pgefalencias@sp.gov.br

- SECRETARIA DA FAZENDA DO MUNICÍPIO DE NOVA ODESSA - PROCURADORIA FISCAL DO MUNICÍPIO DE NOVA ODESSA − Av João Pessoa, 777, Paço Municipal, Nova Odessa, SP.

**9)** Servirá cópia desta sentença, assinada digitalmente, ainda, como **OFÍCIO** aos órgãos elencados abaixo:

• BANCO CENTRAL DO BRASIL − BACEN - Av. Paulista, 1804, CEP 01310-200, São Paulo/SP: Proceder e repassar às instituições financeiras competentes, o bloqueio das contas correntes ou outro tipo de aplicação financeira de titularidade da falida, bem como seja expedido ofício informando o cumprimento da presente ordem diretamente ao Administrador

Este documento é cópia do original, assinado digitalmente por ELIANE CASSIA DA CRUZ, liberado nos autos em 09/03/2021 às 15:18.
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1001703-09.2015.8.26.0394 e código Dzfj4TUq.

Este documento foi assinado digitalmente por Ieda Maria Monteiro.
Para verificar as assinaturas vá ao site https://assinaturas.certisign.com.br e utilize o código F6CB-39E5-59C3-3007.

**1001703-09.2015.8.26.0394 - lauda 8**

fls. 6890

**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA DE NOVA ODESSA
FORO DE NOVA ODESSA
1ª VARA JUDICIAL
AVENIDA JOÃO PESSOA, Nº 1300, Nova Odessa - SP - CEP 13380-094
**Horário de Atendimento ao Público: das 12h30min às19h00min**

Judicial nomeado nos autos da falência.

• JUNTA COMERCIAL DO ESTADO DE SÃO PAULO: Rua Barra Funda, 930 - 3º andar Barra Funda - CEP: 01152-000 - São Paulo/SP: Encaminhar a relação de livros da falida levada a registro nesse órgão, e informes completos sobre as alterações contratuais havidas em nome da mesma. Deverá, ainda, contar a expressão "falido" nos registros desse órgão e a inabilitação para atividade empresarial, nos termos do art. 99, VII, da Lei 11.101/2005.

• EMPRESA BRASILEIRA DE CORREIOS E TELÉGRAFOS: Rua Mergenthaler, 500, Vila Leopoldina Gerência GECAR, CEP: 05311-030 São Paulo/SP: Encaminhar as correspondências em nome da falida para o endereço do administrador judicial nomeado;

• CENTRO DE INFORMAÇÕES FISCAIS -DI Diretoria de informações - Av. Rangel Pestana, 300, CEP: 01017-000 São Paulo/SP: Deverá encaminhar a DECA referente à falida, para o endereço do administrador judicial nomeado;

• SETOR DE EXECUÇÕES FISCAIS DA FAZENDA PÚBLICA - Ofício das Execuções Fiscais Estaduais - Rua Vergueiro, 857, CEP: 01013-001 São Paulo/SP: informar sobre a existência de ações, bens e direitos em nome da falida;

• BOLSA DE VALORES DO ESTADO DE SÃO PAULO - Rua XV de Novembro nº 275, 7º andar, CEP: 01013-001 São Paulo/SP: Informar a existência nos seus arquivos, sobre bens e direitos em nome da falida;

• DEPARTAMENTO DE RENDAS MOBILIÁRIAS - Rua Pedro Américo, 32, CEP: 01045-000 São Paulo/SP: Informar sobre e a existência de bens e direitos em nome da falida; CARTÓRIO DISTRIBUIDOR DE TÍTULOS PARA PROTESTO - Rua XV de Novembro, 175 Centro - CEP: 01013-001 São Paulo/SP: Remeter as certidões de protestos lavrados em nome da falida, para o endereço do administrador judicial nomeado, independente do pagamento de eventuais custas;

**10)** Nomeio para proceder em conjunto com a Administradora Judicial à arrecadação do bens a Leiloeira **HASTA VIP Leilões Judiciais** (CONTATO@HASTAVIP.COM.BR ou RAFAEL@HASTAVIP.COM.BR), devidamente habilitada no Portal dos Auxiliares da Justiça, a qual ficará responsável pela guarda e segurança dos bens arrecadados em prol da Massa Falida.

**11)** Devem os representantes da Guerreiro procederem com a baixa na CTPS dos empregados, emissão do TRCT e guias para acesso ao INSS e FGTS no prazo de 20 dias contados da publicação dessa decisão. A data de baixa na CTPS e emissão do TRCT deve ser a da decretação da falência.

Este documento foi assinado digitalmente por Ieda Maria Monteiro.
Para verificar as assinaturas vá ao site https://assinaturas.certisign.com.br e utilize o código F6CB-39E5-59C3-3007.

**1001703-09.2015.8.26.0394 - lauda 9**

Este documento é cópia do original, assinado digitalmente por ELIANE CASSIA DA CRUZ, liberado nos autos em 09/03/2021 às 15:18.
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1001703-09.2015.8.26.0394 e código Dzfj4TUq.

**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA DE NOVA ODESSA
FORO DE NOVA ODESSA
1ª VARA JUDICIAL
AVENIDA JOÃO PESSOA, Nº 1300, Nova Odessa - SP - CEP 13380-094
**Horário de Atendimento ao Público: das 12h30min às19h00min**

**12)**    Devem os representantes da Guerreiro procederem com o fornecimento do PPP (PERFIL PROFISSIOGRÁFICO PREVIDENCIÁRIO) aos empregados, bem como entregar à Administradora Judicial os documentos que dão fundamento a emissão desse documento.

**13)**    Devem os representantes da Guerreiro providenciar, imediatamente, o encerramento dos contratos de locação ativos após retirada dos bens arrecadados em prol da Massa Falida.

Providencie a z. Serventia o necessário, nos termos da Lei de Falência.

PIC

Nova Odessa, 09 de março de 2021.

> **DOCUMENTO ASSINADO DIGITALMENTE NOS TERMOS DA LEI 11.419/2006,
> CONFORME IMPRESSÃO À MARGEM DIREITA**

Este documento foi assinado digitalmente por Ieda Maria Monteiro.
Para verificar as assinaturas vá ao site https://assinaturas.certisign.com.br e utilize o código F6CB-39E5-59C3-3007.

Este documento é cópia do original, assinado digitalmente por ELIANE CASSIA DA CRUZ, liberado nos autos em 09/03/2021 às 15:18 .
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1001703-09.2015.8.26.0394 e código Dzjt4TUq.



# PROTOCOLO DE ASSINATURA(S)

O documento acima foi proposto para assinatura digital na plataforma Certisign Assinaturas. Para verificar as assinaturas clique no link: https://assinaturas.certisign.com.br/Verificar/F6CB-39E5-59C3-3007 ou vá até o site https://assinaturas.certisign.com.br e utilize o código abaixo para verificar se este documento é válido.

## Código para verificação: F6CB-39E5-59C3-3007



**Hash do Documento**

2C5360525789D6B8EF487FF04C5A5DEEE2049FAD1C92C8F6D518EA66EB48C4F1

O(s) nome(s) indicado(s) para assinatura, bem como seu(s) status em 27/03/2025 é(são) :

☑ Ieda Maria Monteiro - 077.542.738-10  em 27/03/2025 07:40 UTC-03:00
**Tipo:** Certificado Digital

